1
2
3
4
5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

8  GROSS MORTGAGE CORPORATION,

Case No.: 12-cv-01102-YGR

9           Plaintiff,

**ORDER GRANTING MOTION TO REMAND FOR LACK OF JURISDICTION**

10      vs.

11

12  SABIR JAMIL AL-MANSUR,

13           Defendant.

14

15

16      Defendant Sabir Jamil Al-Mansur removed this unlawful detainer case from the Superior

Court of California, County of Alameda.  (Dkt. No. 1.)   Defendant asserted in his Notice of Removal

17  that "[t]he complaint presents federal questions" and that Defendant's Answer and Counterclaim, filed

18  on the same day as the Notice of Removal, alleged, among other things, "illegal eviction and a

defective notice, i.e. the Notice to Occupants to Vacate Premises, failed to comply with The

19  Protecting Tenants at Foreclosure Act [12 U.S.C §5220]."  *Id.* at ECF pp. 3–4.  Defendant also asserts

20  that he has raised federal questions "pursuant to Civil Code § 1788 (e) and (f), and the Federal Fair

21  Debt Collection Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 et seq, and the Real Estate Settlement

22  Procedures Act (RESPA, 12 U.S.C. §§ 2601-2617 [*sic*]."  *Id.* at ECF p. 4.  Further, Defendant asserts

23  that diversity jurisdiction exists because he is a citizen of California and "Plaintiffs are citizens of

24  Florida and Minnesota."  *Id.*

25      Plaintiff Gross Mortgage Corporation has filed a Motion to Remand for Lack of Jurisdiction.

26  (Dkt. No. 19.)  For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

27

28

United States District Court
Northern District of California

United States District Court

Northern District of California

1   Removal to federal court is proper where the federal court would have original subject matter

2   jurisdiction over the complaint.  28 U.S.C. § 1441.  These removal statutes are strictly construed

3   against removal and place the burden on the defendant to demonstrate that removal was proper.

4   *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles,*

5   *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

6   Defendant has failed to show that removal is proper based on any federal substantive law.  In

7   his Notice of Removal and Counterclaim, Defendant asserts that Plaintiff has violated federal laws in

8   pursuing the unlawful detainer action.  Federal courts have original jurisdiction over civil actions

9   "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim

10  "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a

11  federal claim for relief.  *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009).  Defenses and

12  counterclaims asserting a federal question *do not satisfy this requirement*.  *Id.*  Indeed, the federal

13  question must be presented by the plaintiff's complaint as it stands at the time of removal.  The record

14  indicates that Plaintiff's state court complaint presents claims arising only under state law and does

15  not allege any federal claims whatsoever.  (Dkt. No. 1 at ECF pp. 6–11.)  Defendant's allegations in a

16  removal notice, counterclaim, or otherwise in response to Plaintiff's complaint cannot provide this

17  Court with federal question jurisdiction.

18  Moreover, Defendant does not establish diversity jurisdiction.  Plaintiff's complaint indicates

19  that the amount demanded does not exceed $10,000.  As such, Defendant cannot remove this action to

20  federal court based on diversity jurisdiction.  28 U.S.C. §§ 1441(b) & 1332(a).

21  To the extent that Defendant asserts that Plaintiff's Motion to Remand was untimely filed, 28

22  U.S.C. section 1447(c) states that a motion to remand a case "on the basis of any defect other than

23  lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

24  removal."   The pending Motion to Remand is based entirely on a lack of subject matter jurisdiction

25  based on the lack of a federal question in Plaintiff's complaint.

26  For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  Because this Court

27  does not have subject matter jurisdiction over this action, it does not reach the merits on either

28  Defendant's Motion for Judgment on the Pleadings in Favor of his Counterclaims (Dkt. No. 15) or his

United States District Court
Northern District of California

1   Application to Proceed in Forma Pauperis (Dkt. No. 5).  This Order terminates the pending motions at

2   Dkt. Nos. 5, 15 & 19.

3          It is hereby **ORDERED** that this case is remanded to the Superior Court of California, County of

4   Alameda.  The Clerk of this Court is further ordered to forward certified copies of this Order and all

5   docket entries to the Clerk of the Superior Court of California, County of Alameda.

6          **IT IS SO ORDERED.**

7

8   Dated: April 24, 2012

    _____
    **YVONNE GONZALEZ ROGERS**
9   **UNITED STATES DISTRICT COURT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3